[No. 9874.   In Bank. — February 25, 1888.]

# A. McALLISTER, APPELLANT, *v.* C. H. CLEMENT ET AL., RESPONDENTS.

NEGLIGENCE — LIABILITY OF NOTARY PUBLIC — CERTIFICATE OF ACKNOWLEDGMENT TO MORTGAGE — DAMAGE WITHOUT INJURY. — The negligence of a notary public in making his certificate of acknowledgment to a chattel mortgage, by reason of which the lien of the mortgage was lost, will not entitle the mortgagee to recover damages against him, when the property intended to be secured by the mortgage was wholly valueless.

ID. — NOMINAL DAMAGES — IMMATERIAL ERROR — APPEAL. — Where the findings show the plaintiff to be entitled to recover nominal damages only, a judgment rendered in favor of the defendant will not be reversed on appeal. In such a case, the maxim, *De minimis non curat lex*, is applicable.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.

The facts are stated in the opinion.

*J. M. Wilcoxon,* and *Ernest Graves,* for Appellant.

*J. R. Patton,* and *C. H. Clement,* for Respondents.

BELCHER, C. C.—This action was brought to recover damages for the alleged official misconduct or neglect of a notary public. The material facts of the case are as follows:—

In 1883 the defendant, C. H. Clement, was a notary

public for San Luis Obispo County, and the other de-
fendants were the sureties on his official bond.   On the
fourteenth day of April of that year, one W. A. Cook
made to the plaintiff his promissory note for six hun-
dred dollars, payable six months after date, with interest,
and on the same day, to secure the payment of the note,
executed to plaintiff a mortgage upon a crop of wheat,
barley, and oats then growing in the county of San Luis
Obispo.   The mortgage was properly sworn to by mort-
gagor and mortgagee, and was acknowledged by the
mortgagor before the defendant Clement.   The certifi-
cate of acknowledgment, which was attached to the mort-
gage, reads as follows:—

"State of California, county of San Luis Obispo, ss.

"On this fourteenth day of April, 188—, before me per-
sonally appeared W. A. Cook, known to me to be the
person whose name is subscribed to the within instru-
ment, and he acknowledged to me that he executed the
same.   In witness whereof I have hereunto set my hand
and affixed my official seal at my office in the county of
San Luis Obispo, on the day and year in this certificate
first above written.

    [Seal]        "C. H. Clement, Notary Public."

In this condition the mortgage was recorded on the
nineteenth day of May, 1883.   Before the note became
due Cook was adjudged to be an insolvent debtor, and
his assignee in insolvency took possession of all his
property, including the mortgaged crop.   The plaintiff
made no effort to foreclose his mortgage or to subject
the mortgaged property to the payment of his debt.   The
note has never been paid, and Cook is insolvent and un-
able to pay it.

It is alleged in the complaint that the failure to state
correctly in the certificate the year when the acknowl-
edgment was taken, and to insert in the body of the cer-
tificate "the name and quality of the officer" who made
it, destroyed the lien of the mortgage as against the as-

signee, and left the mortgaged crop free and clear of all claim thereto by the plaintiff. It is further alleged that but for these defects in the certificate the mortgage "would have been a good and valid lien upon a valuable growing crop, and would have amply secured the said promissory note."

The court below found the facts to be substantially as above stated, but further found "that said mortgage would not have secured said note; that said crop was not valuable, and was and is wholly valueless"; and as a conclusion of law, "that plaintiff has not suffered any damage or loss by reason of the act or acts of defendants, or any of them."

Judgment was entered in favor of the defendants, and from that judgment the plaintiff appealed, the case coming here on the judgment roll.

We do not think it necessary to consider the question principally discussed by counsel, namely, as to the sufficiency of the certificate of acknowledgment. The code declares that "for the official misconduct or neglect of a notary public, he and the sureties on his official bond are liable to the parties injured thereby for all the damages sustained." (Pol. Code, sec. 801.) But it is clear that no action will lie to recover damages if no damages have been sustained. The findings are responsive to the issues, and must be presumed to have been justified by the evidence.

It is urged, however, that the plaintiff was at least entitled to recover nominal damages. But why should he have nominal damages if he suffered no actual damage? The code does not seem to justify this contention, and at any rate, we think it is a case where in this court the maxim, *De minimis non curat lex*, should be applied.

The judgment should be affirmed.

Foote, C., and Hayne, C., concurred.

The Court. —For the reasons given in the foregoing opinion, the judgment is affirmed.