[No. 12146.   Department One. — December 16, 1889.]

## MARGARET A. OVERACRE, RESPONDENT, v. FRANCIS BLAKE ET AL., APPELLANTS.

NOTARY PUBLIC — NEGLIGENCE IN CERTIFYING ACKNOWLEDGMENT — FALSE PERSONATION — INTRODUCTION BY PLAINTIFF'S AGENT — CONTRIBUTORY NEGLIGENCE — ESTOPPEL. — A notary public and the sureties on his official bond cannot be charged with liability for negligence of the notary in certifying that the party who acknowledged before him the execution of a mortgage was known to be the person whose name was subscribed thereto, although he falsely and fraudulently personated the owner of the land mortgaged, if such person was introduced to the notary by the plaintiff's agent, who negotiated the loan for plaintiff, as bearing the name of such owner, and as having subscribed the mortgage.

ID. — DUTY OF NOTARY — TRUTH OF CERTIFICATE OF ACKNOWLEDGMENT — FORGERY — FINDING AS TO FALSE PERSONATION. — A notary is not required to certify that the person executing the instrument is the same person who owns the realty in the instrument described, and a finding that the person acknowledging the instrument falsely personated such owner does not sustain the conclusion that the certificate of acknowledgment is untrue, or that the signature is a forgery.

AGENCY — NEGLIGENCE OR DECEIT OF AGENT — LIABILITY OF PRINCIPAL. — A principal is responsible to third persons for injury occasioned by the negligent acts of his agents, or by their wrongful acts done as part of their business as such agents. If loss results to the principal from an act of deceit by the agent in the course of his agency, the principal must bear it as between him and third persons.

NEGLIGENCE — QUESTION OF LAW. — When the facts are established or clearly settled, the question of negligence is a question of law to be decided by the court.

FINDINGS — CONCLUSIONS OF LAW — REVERSAL OF JUDGMENT — APPEAL. — When the conclusions of law are erroneously drawn from the findings, and the findings show that the judgment should have been for the other party, it will be reversed upon appeal, with directions to the court below to enter the correct judgment on the findings.

APPEAL from a judgment of the Superior Court of Alameda County

The facts are stated in the opinion of the court.

*Nye & Richardson, B. McFadden,* and *Gray & Haven,* for Appellants.

*Fred. L. Button,* for Respondent.

Fox, J.—This was an action against a notary public and his bondsmen for damages for alleged negligence in certifying the acknowledgment to a mortgage. The notary died pending the suit, and by stipulation a dismissal was entered as to him, and the action continued against his sureties. The court found in favor of plaintiff, and judgment was entered against the defendants for $1,309.30 damages, and for costs, from which defendants appeal. The case comes up on the judgment roll. The important question in the case is, whether the findings are sufficient to support the judgment.

The court found that on the thirtieth day of June, 1884, William K. Rowell was a notary public, duly commissioned, qualified, and acting as such, and that the present defendants were the sureties on his official bond; also, that on that day one Alexander Wilson was the owner of a half-interest in a certain tract of land described in the complaint, and that the value of such interest was two thousand dollars. It then further finds as follows:—

4. That on said June 30, 1884, a person other than Alexander Wilson, the owner of said land, came before said Rowell, and in his presence signed the name of Alexander Wilson to the note and mortgage set out in the complaint; and the said Rowell then and there signed his name as a witness to the signing, sealing, and delivery of the said mortgage; that O. C. Logan and W. R. Savage, composing the firm of Logan and Savage, were the persons who negotiated on behalf of said plaintiff said loan; that prior to the execution of said mortgage and note, said plaintiff, at the office of said Logan and Savage, but not in the presence of said defendant Rowell, met said person pretending to be Alexander Wilson, the owner of said interest in said land; and thereafter said Savage appeared with said person pretending to be the owner of said land at the office of said notary, and introduced him to said notary as Alexander Wilson, and

thereupon said note and mortgage were executed as aforesaid, and said Savage signed his name as a witness to the execution of said mortgage, and said Rowell, as such notary, then and there took and certified to the acknowledgment of said person pretending to be Alexander Wilson, the owner of said realty, to the execution of said mortgage, which certificate was in form as set out in paragraph 5 of the complaint; that said certificate was and is untrue, and that the signature of Alexander Wilson thereto was and is a forgery; and at the time of taking said acknowledgment, no person was by said Rowell sworn as to the identity of said person so signing; and said Rowell had no other knowledge of the identity of said person whose acknowledgment was then by him taken than the said introduction by said Savage.

5. That said Alexander Wilson, who owned said interest in said realty, did not sign said mortgage, and was not known to said Rowell, and did not appear before said Rowell, and did not acknowledge that he executed said mortgage; but what the name of the person is who executed and acknowledged said mortgage, the proofs in this case do not show.

6. That on June 30, 1884, the plaintiff believing that the person who signed said note and mortgage was Alexander Wilson, the person who owned said interest in said realty, loaned and paid over to said person executing said mortgage the sum of eleven hundred dollars, and he then repaid to plaintiff forty-four dollars, the interest on said principal sum for six months in advance; but nothing further was ever paid thereon.

7. That on August 20, 1885, plaintiff commenced an action in this court against said Alexander Wilson, the owner of said interest in said realty; that said Wilson appeared therein and answered, and said action resulted in a finding and decree of this court that said Alexander Wilson did not execute said note or mortgage, and that the defendants to said action should recover costs taxed

at $32.15, which plaintiff paid; that there was due by the terms of said note and mortgage at the time of the commencement of this action the sum of $1,189, exclusive of attorney's fees and costs; that in the attempted foreclosure of said mortgage plaintiff incurred further expenses, necessary and proper in such prosecution, to the amount of $75 for attorney's fees, and $13.15 for costs of court.

8. That since the commencement of this action defendant Rowell has died; wherefore the court finds as conclusions of law: 1. That the defendant Rowell was negligent in taking the acknowledgment of said mortgage and certifying the same, and that plaintiff's loss arose from such negligence; 2. That plaintiff was not chargeable with any negligence in the matter of said loan; 3. That plaintiff is entitled to a judgment against defendants Francis Blake, F. K. Shattuck, and Galen M. Fisher, for the sum of $1,309.30, besides costs of this action.

Defendants demurred to the complaint in the action, but in the view which we take of the case upon the findings it is unnecessary to discuss the point made against the order of the court overruling the demurrer.

We are clearly of opinion that the facts found do not justify the conclusions of law, or support the judgment.

There is nothing in all the facts found to justify the deduction found at the close of the fourth finding of fact,—that the signature to the mortgage was a forgery, or that the certificate of the notary was untrue. The notary did not certify, and the law never requires him to certify, that the person executing the instrument is the same person who owns the realty in the instrument described, and there is an utter failure to show that the person who signed the mortgage, and who is certified by the notary to be known to him to be the person whose name is subscribed to the instrument, is not in truth and in fact named Alexander Wilson. He was so introduced to the notary by the agent of plaintiff, who was

acting in that transaction on her behalf, and he had the same right to act upon the faith of that introduction as if it had been made by the plaintiff herself. It is true that the person who executed the mortgage was not the owner of the land, and, whether named Alexander Wilson or not, he personated the owner for the time being, and successfully committed a fraud; but under the facts found, we do not see how the notary or his sureties can be held liable for the damages sustained through that fraud.

There can be no doubt, under the facts found, that Savage was the agent of plaintiff in the making of that loan, and seeing that the loan papers and securities were properly executed. (See Civ. Code, secs. 2295–2300.) The rule that a principal is responsible to third persons for injury occasioned by the negligent acts of agents, and by their own wrongful acts as part of their business as such, is not only elementary, but has been frequently upheld and applied by the courts. So held in *Kline* v. *C. P. R. R. Co.*, 37 Cal. 400; 99 Am. Dec. 282; and in *Taylor* v. *W. P. R. R. Co.*, 45 Cal. 323. And in the case of *Bank of California* v. *Western Union Tel. Co.*, 52 Cal. 280, it was so held in a case of false personation,—a case so nearly parallel to this as to make it almost conclusive of this case. In that case Crowell sent a forged dispatch from Colusa, where he was temporarily acting as telegraph operator, directing the Bank of California to pay to Crowley twelve hundred dollars, and sent another dispatch addressed to Crowley at the Occidental Hotel, telling him to call at the bank and get the money. He then followed the dispatches to San Francisco, himself applied for and received the dispatch addressed to Crowley, found a young man named Spencer, whose acquaintance he had made at Colusa, and went with him to the bank and demanded the money. Spencer had not noticed the slight difference in name, and when asked if he could identify the applicant answered, "Yes, I know him," and

certified to the correctness of Crowley's signature. When
the fraud was discovered, a dispute arose between the
bank and the telegraph company as to which was guilty
of negligence, or rather as to who must bear the loss,—
the telegraph company claiming that the bank was guilty
of negligence and must bear the loss. But this court
held, without a dissent, that the bank was not guilty of
neglect; that if Spencer was not sufficiently acquainted
with Crowell to know that his name was not Crowley, it
was his want of care rather than that of the bank, and
reversed a judgment which had been rendered below in
favor of the telegraph company. If the neglect was
Spencer's and not that of the bank, in that case, how
can it be said that the neglect in this case was not that
of Savage instead of Rowell? And if it was the neglect
of Savage, it was the neglect of plaintiff, for whom he
was acting as agent at the time.

The party executing the mortgage having been intro-
duced to the notary by the plaintiff, through her agent
duly acting for her in that behalf, she being the party
to whom the mortgage was being given, and most likely
of all persons to know with whom she was dealing, and
the notary then seeing the person so introduced execute
the mortgage by signing it with the name so given him
by the agent of plaintiff, and said agent witness the signa-
ture, it cannot lie in the mouth of the plaintiff to say
that the notary was guilty of negligence in certifying
that such person was known to him to be the person
who executed the same. Not only the doctrine of con-
tributory negligence, but the doctrine of estoppel also
applies to close the mouth of plaintiff from asserting
any claim against the sureties of the notary in such a
case.

If Savage did not know the name of the person he in-
troduced to the notary by the name of Alexander Wilson,
then the introduction was an act of deceit (Civ. Code,
sec. 1710), and if loss resulted therefrom to his princi-

pal, as between the principal and third persons she must bear the loss, for the act was hers in law, and "no one can take advantage of his own wrong." (Civ. Code, sec. 3517.)

The plaintiff having, by her agent, introduced the person who executed this mortgage to the notary by the name of Alexander Wilson, and that, too, for the express purpose of making him known to the notary by that name, and having the notary take and certify his acknowledgment to the mortgage by that name, she cannot now be permitted to falsify that introduction, or the declaration thus made that he was Alexander Wilson. (Code Civ. Proc., sec. 1962, subd. 3.)

Respondent claims that the issues in this case involve three questions, viz.: 1. Was the defendant, Rowell, negligent? 2. Was the plaintiff negligent? 3. Did plaintiff's loss occur through her own negligence, or through that of the defendant, Rowell? In discussing these questions, counsel insists that all the findings of the court which are in the record designated as findings of fact are mere recital of the evidence of facts, and that the real and only findings of fact are found in subdivisions one and two of the conclusions of law. And he claims that these two subdivisions constitute the only findings of fact into which this court can look, and are conclusive upon the court.

We do not so understand the effect of these findings. When the facts are established, as in this case and on this record we must assume that they are, the question of negligence is a question of law, and the mere deduction as to whether there has been negligence or not is a conclusion of law. (*Flemming* v. *W. P. R. R. Co.*, 49 Cal. 253.) It is to be decided by the court as a question of law when the facts are clearly settled. (*Fernandes* v. *S. C. Railway Co.*, 52 Cal. 45; *Siemers* v. *Eisen*, 54 Cal. 418; *Nehrbas* v. *C. P. R. R. Co.*, 62 Cal. 320.) Under these authorities (and many others might be cited to the same

effect), the subdivisions referred to are properly designated as conclusions of law, from the facts; and in our opinion they are not supported by the facts found. On the contrary, on the facts found, we think the first of the questions suggested by counsel for respondent must be answered in the negative; the second in the affirmative; and that the proper and only true answer that can be made to the third is, that the negligence of the plaintiff's agent proximately contributed to the loss which she has sustained, and as against these defendants she cannot recover.

Judgment reversed and cause remanded, with instructions to the court below to enter judgment on the findings in favor of defendants.

WORKS, J., and PATERSON, J., concurred.