[No. 14310.   Department One. —July 26, 1891.]

# A. N. MOFFAT, RESPONDENT, *v.* H. GREENWALT ET AL., APPELLANTS.

APPEAL BOND — ACTION AGAINST SURETIES — PLEADING — TAKING OF APPEAL — ULTIMATE AND PROBATIVE FACTS. — An allegation in a complaint in an action against the sureties upon an undertaking on appeal from the judgment of a justice's court that the defendant in the action in that court "appealed to the superior court" from the judgment is a sufficient averment of the ultimate fact that the appeal was taken. The several acts performed in taking the appeal are probative facts, and should not be alleged.

ID. — NATURE OF APPEAL — JUDGMENT OR DETERMINATION. — CONSTRUCTION OF CODE — PLEADING. — An appeal is not a "judgment or other determination" within the meaning of section 456 of the Code of Civil Procedure, and that section has no application to an averment in a pleading respecting the taking of an appeal.

ID. — PLEADING — DEFECTIVE AVERMENT OF COMPLAINT CURED BY ANSWER — DISMISSAL OF APPEAL — RENDITION OF JUDGMENT. — An averment in the complaint on such undertaking that the "appeal was dismissed by the superior court," if defective because of not meeting the requirements of section 456 of the Code of Civil Procedure, is cured by an allegation in the answer that the court made an order of dismissal, "which said judgment was duly made, duly rendered, and duly given."

ID. — FAILURE OF SURETIES TO JUSTIFY — DISMISSAL OF APPEAL — LIABILITY OF SURETIES. — The sureties upon an appeal bond cannot avoid their liability thereon by failing to justify after an exception to their sufficiency by the adverse party, and their undertaking to be bound, if the appeal is withdrawn or dismissed, applies to a dismissal of the appeal resulting from their failure to justify.

ID. — CONSTRUCTION OF CODE — VACATION OF APPEAL — JURISDICTION OF SUPERIOR COURT. — Under section 978 of the Code of Civil Procedure, providing that an appeal from a justice's court "is not effectual for any purpose unless an undertaking be filed," and that upon the failure of the sureties to justify within the time allowed by law after an exception to their sufficiency, "the appeal must be regarded as if no such undertaking had been given," the failure of the sureties to justify after an exception to their sufficiency does not *ipso facto* vacate the appeal. That section is merely intended to give respondent the right to move to dismiss the appeal if he shall so choose, and the jurisdiction of the superior court, having attached upon the perfecting of the appeal by the filing of the undertaking, can be divested only by an order of dismissal or some other act of the court.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*R. Dunnigan*, *E. H. Bently*, and *Dupuy & Bently*, for Appellants.

*Adams & Mitchell*, for Respondent.

HARRISON, J. — This was an action against the defendants as sureties upon an undertaking given on an appeal from a judgment rendered in favor of the plaintiff in the justice's court of Los Angeles City township. The judgment was rendered in the justice's court, June 3, 1889. On the 18th of June the defendant in that case served and filed a notice of appeal therefrom, and on the 21st of June an undertaking on appeal executed by the defendants herein was filed in the justice's court. June 22d, the plaintiff excepted to the sufficiency of the sureties, and they failing to justify, and no other undertaking being filed, the papers in the case were not transmitted to the superior court by the justice; and on the 7th of November, 1889, the superior court, upon the motion of the plaintiff, dismissed the appeal.

1. The allegation in the complaint that the defendant in the action in the justice's court " appealed to the superior court of said county and state from said judgment " is a sufficient averment of that fact. The " appeal" is the ultimate fact to be alleged. The several acts performed in taking it are but probative facts, and their allegation in the complaint would be obnoxious to the charge of alleging evidence instead of facts. The provisions of section 456 of the Code of Civil Procedure have no application to an averment of this nature. An appeal is not in any sense a "judgment or other determination."

The objection, urged in support of the demurrer, that the averment in the complaint that the " appeal was dismissed by the superior court " does not sufficiently comply with the requirements of section 456 of the Code

of Civil Procedure, if it had any merit, was cured by the allegation in the answer, that the court made an order that the appeal be dismissed, " which said judgment was du'y made, duly rendered, and duly given."

2. It is contended by the appellants that upon their failure to appear and justify after the plaintiff had excepted to their sufficiency, under the provisions of section 978 of the Code of Civil Procedure, " the appeal must be regarded as if no such undertaking had been given "; and they further contend that inasmuch as if no undertaking had been given the appeal was " not effectual for any purpose," there was no appeal which could be dismissed; consequently their liability on the undertaking never attached.

At the common law, when special bail were excepted to, they were considered as no bail, unless they justified; and if they did not justify, the court would, upon their application, order an *exoneretur* to be entered upon the bail-piece; but until this was done, they were held liable. (1 Tidd's Practice, 258.) In *Bramwell* v. *Farmer*, 1 Taunt. 427, the court affirmed a judgment against the bail under these circumstances, saying: " The bail had nothing to do with the exception or the waiver of it. They entered into a recognizance, and thereby incurred the obligation to perform it." In New York, under a provision similar to that in our code, it is held that the sureties upon an undertaking on appeal are liable thereon, although they have failed to justify after an exception has been taken to their sufficiency. (*Manning* v. *Gould*, 47 N. Y. Super. Ct. 387; *McSpedon* v. *Baker*, 5 Daly, 30.)

By their undertaking the defendants promised and agreed that " if the appeal be withdrawn or dismissed," the appellant would pay the amount of the judgment so appealed from. This was an original and independent agreement on their part (*Tissot* v. *Darling*, 9 Cal. 278), and in legal effect was entered into by them with the plaintiff. By virtue of the provisions of section 979 of

the Code of Civil Procedure, upon the filing of the undertaking staying proceedings, all proceedings under the execution are to be stayed; and it was shown at the trial that upon the making and filing of said undertaking the property levied upon under an execution upon the judgment was released. The consideration recited in the undertaking was the "staying of the execution of the judgment appealed from." As soon as this undertaking was filed, it became an executed obligation on their part, and whenever the contingency upon which the obligation was to depend arose, their liability became fixed. This liability could not thereafter be defeated by any act or omission on their part, or on the part of their principal. Their agreement to be bound in case the appeal should be dismissed extended as well to a dismissal resulting from their failure to justify as to a dismissal resulting from a failure on the part of their principal to prosecute the appeal.

In *Murdock* v. *Brooks*, 38 Cal. 596, it was held that when the party in whose favor the undertaking was executed had had the benefit of a stay of execution, the sureties could not be heard to say that the undertaking was void because all the forms of the statute, *through their omission*, were not complied with, and that the failure of the sureties to justify constituted no defense. In *People* v. *Shirley*, 18 Cal. 121, it was said: "The justification forms no part of the defendants' contract, and in no manner affects their liability." We do not think that it was competent for the defendants, after they had executed the undertaking, to avoid their liability thereon by any act of their own or any failure to comply with a provision which is intended solely for the protection of the respondent.

3. The contention that no appeal was taken cannot be maintained. Section 974 of the Code of Civil Procedure provides that "the appeal is taken by filing a notice of appeal with the justice or judge, and serving a

copy on the adverse party"; and the provision, in section 978, that the appeal " is not effectual for any purpose unless an undertaking be filed " implies that when the undertaking is filed, the appeal is effectual. The subsequent clause in section 978, that unless, when an exception has been taken to their sufficiency, the sureties justify within five days thereafter, "the appeal must be regarded as if no such undertaking had been given," is to be construed, not as having the effect, *ipso facto*, to vacate the appeal already completed, but as giving to the respondent the right, if he shall choose to avail himself thereof, to move for its dismissal upon the ground that since it was taken it has become ineffectual. The jurisdiction of the superior court attached upon the perfecting of the appeal by the filing of the undertaking, and having once attached could be divested only by an order of dismissal or some other act of that court.

This principle was recognized in *Coker* v. *Superior Court*, 58 Cal. 179, where it was said that when the papers have been served and filed within the time limited therefor, " the appeal is completed, and although some of the papers which make up the appeal may be defective, or may not have been served or filed in the order named in the statute, or an execution may have been issued on the judgment and levied, yet they are, unless fatally defective, sufficient to confer jurisdiction upon the appellate court, and to stay proceedings on execution according to section 979 of the Code of Civil Procedure." The principle was also recognized in *Wood* v. *Superior Court*, 67 Cal. 115, where it was held, under a state of facts almost identical with those in the present case, that the superior court should have granted the motion made on behalf of the respondent to dismiss the appeal. The expression, used in the opinion, "the appeal was not perfected, and the superior court has no jurisdiction of the case," must be read in connection with the matter before the court, which was a review of the action of the supe-

rior court in proceeding to try the case. The court meant
by that expression that the superior court had no juris-
diction, against the objection of the respondent, to try the
*case* or to change the judgment of the justice's court.   It
did not mean that it had no jurisdiction of the *appeal;*
otherwise it would not have·directed a dismissal thereof.

It follows that the superior court in the present case
had jurisdiction to dismiss the appeal, and that upon
such dismissal the appellants became liable for the
amount of the judgment appealed from.

The judgment and order of the court below are af-
firmed.

PATERSON, J., and GAROUTTE, J., concurred.