[No. 19246. Department Two.—December 30, 1893.]

JOHN DOLBEER, RESPONDENT, *v.* J. B. LIVINGSTON ET AL., DEFENDANTS, W. M. GINTY, APPELLANT.

BOND—CHARTER PARTY OF STEAMER—UNAUTHORIZED FILLING OF BLANKS—IGNORANCE OF OWNER—ESTOPPEL OF SURETY.—A surety who signs a bond with the expectation and understanding that his principals were seeking to obtain a charter party of a steamer and expected to charter one from the managing owner thereof, who was known to all the parties as such owner, is estopped, as against such owner who receives the bond in good faith, without knowledge or reason to suspect that it was not properly executed, to deny that the bond was a valid instrument because the blanks for the names of the steamer and the managing owner were not filled up when he executed it, but were filled in by his principals without express authority.

ID.—SUFFERING OF INNOCENT PERSONS—MAXIM—NEGLIGENCE.—When one of two innocent persons must suffer by the acts of a third, he by whose negligence it happened must be the sufferer.

ID.—ESTOPPEL IN PAIS.—Where a person by word or conduct induces another to act on a belief in the existence of a certain state of facts, he he will be estopped as against him to allege a different state of facts.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion.

*C. H. Rippey,* for Appellant.

The bond in question is void, because the blanks were not filled in. (*Upton* v. *Archer,* 41 Cal. 87; 10 Am. Rep. 266; *Ayres* v. *Harness,* 1 Ohio 368; 13 Am. Dec. 629; *Gilbert* v. *Anthony,* 1 Yerg. 69; 24 Am. Dec. 439; *Wynne* v. *Governor,* 1 Yerg. 149; 24 Am. Dec. 448; *Davenport* v. *Sleight,* 2 Dev. & Bat. 381; 31 Am. Dec. 420; *Williams* v. *Crutcher,* 5 How. (Miss.) 71; 35 Am. Dec. 422; *Alta Silver Min. Co.* v. *Mining Co.,* 78 Cal. 632; *Harris* v. *Frank,* 81 Cal. 288.)

*W. T. McNealy,* and *Trippet, Boone & Neale,* for Respondent

The plaintiff being an innocent party, and having parted with value on the faith that it was the defendant's bond, is protected by the law of estoppel. (Civ. Code, sec. 3543; *Drew* v. *Kimball,* 43 N. H. 282; 80 Am. Dec. 163; 7 Am. & Eng. Ency. of Law, pp. 8, 19, 20; 5 Lawson's Rights, Remedies, and Practice, sec. 2478; Mechem on Agency, sec. 94; *Phelps* v. *Sullivan,* 140 Mass. 36; 54 Am. Rep. 442; *White* v. *Duggan,* 140 Mass. 18; 54 Am. Rep. 437; *South Berwick* v. *Huntress,* 53 Me. 89; 87 Am. Dec. 535; *State* v. *Young,* 23 Minn. 551; *Woodworth* v. *Bank,* 10 Am. Dec. 271, note; *Stahl* v. *Berger,* 13 Am. Dec. 669, note; *Fisher* v. *Dennis,* 6 Cal. 579; 65 Am. Dec. 534, note.)

BELCHER, C.—On July 3, 1890, the plaintiff entered into a written agreement with the defendants, J. B. Livingston and W. H. Clarke, under the firm name of Livingston, Clarke & Co., whereby he leased to them the steamer *Farallon* for a certain time, commencing

July 8, 1890, and upon certain terms and conditions. And, to secure performance of the terms of the agreement on their part, the said defendants delivered to the plaintiff a bond signed by themselves as principals, and by W. M. Ginty and W. H. Clarke as sureties.

The plaintiff commenced this action on the said bond, alleging that Livingston, Clarke & Co. had failed to pay the full amount of money due under the charter party for the use of the steamer, and demanding judgment against all of the defendants for the amount so due and unpaid, with interest thereon.

The defendant, Ginty, answered the complaint and denied that he, as a surety or otherwise, executed to the plaintiff, or at all, the bond sued upon.

Upon the issue thus raised the case was tried by the court, without a jury, and judgment given for the plaintiff as prayed for.

From this judgment Ginty appeals on the judgment-roll, and the only point made for a reversal is that the judgment against him is not supported or warranted by the findings.

The court found, among other things, as follows:

"That the defendant, W. M. Ginty, signed and executed the bond set out in said complaint and marked 'Exhibit B,' and delivered the same to the defendant, Clarke, to be delivered as security for any charter party which he or the said Livingston, Clarke and Company might desire to make, it being then expected that the said Livingston, Clarke and Company would procure a charter party for one or two steamers, the *Farallon* being preferred, it being known to said parties that the plaintiff was the managing owner thereof. That at the time said bond was signed by the said Ginty, the names 'John Dolbeer' and 'Farallon' and the date, 'July 8, 1890,' were not inserted therein, but places therefor were left in blank and the same was delivered to said Clarke with said blanks, and said blanks were filled in respectively with the names 'John Dolbeer,' 'Farallon,' and 'July 8, 1890,' by the said Clarke before said bond

was delivered to the said John Dolbeer. That upon execution of the charter party said bond was delivered to said plaintiff by said Clarke with said blanks filled in and said bond appeared to be all right and all appeared executed in regular form, and there being nothing upon the face of said bond to excite the suspicion of said plaintiff or any reasonable person, said bond was accepted by the said plaintiff in good faith as security for the performance of said charter party as in said bond provided, and thereupon, upon the faith of said bond and said charter party, said steamer *Farallon* was delivered to the said Livingston, Clarke and Company, as hereinbefore found.

" That said defendant, W. M. Ginty, never gave the said Clarke, or any other person, any written authority to fill in said blanks other than might be implied from his signing said bond, which was regular in all other respects except said blanks, it being expected and understood by him at the time that the said Livingston, Clarke and Company would procure a charter party, and that the bond signed by him should be given as security for the same, and it being particularly expected and understood that the steamer *Farallon* would be chartered of the plaintiff, and with such understanding and expectation the said bond was signed by the said Ginty and delivered to the said Clarke."

Appellant contends that when the paper in question was signed and delivered by him to Clarke, it was not a bond or instrument imposing any obligation upon him, because of the blanks left in it, and could never become such unless express authority was given to fill the blanks, and that as no such authority is found to have been given, his plea of *non est factum* should have been sustained. And in support of this contention he cites and chiefly relies upon the cases of *Upton* v. *Archer*, 41 Cal. 85; 10 Am. Rep. 266, and *Arguello* v. *Bours*, 67 Cal., 447.

Respondent, on the other hand, contends that under the facts found appellant is estopped to deny that the

bond as delivered to Livingston, Clarke & Co. was a valid instrument, duly executed and binding upon him as a surety thereon.

In our opinion all the elements necessary to create an estoppel are shown here, and respondent's contention should, therefore, be sustained.

It is clear that when appellant signed the bond he knew Livingston, Clarke & Co. were seeking to obtain a charter party of a steamer, and expected to charter the *Farallon* from respondent, and give the bond as security therefor. And it was with the expectation and understanding that all this would be done and accomplished that he signed and delivered the bond to Clarke, who was a member of the firm. Now if he did not intend that Clarke should fill in the blanks, and deliver the bond to respondent when the trade was completed, then he was guilty of negligence and bad conduct in putting it in the power of Clarke to mislead and deceive respondent. That respondent received the bond in good faith, having no means of knowing or reason to suspect that it was not properly executed, is clear; and if appellant can now escape liability thereon it must be in disregard of the maxim of law that "when one of two innocent persons must suffer by the acts of a third, he by whose negligence it happened must be the sufferer." (Civ. Code, sec. 3543.)

The general rule is that "where a person by word or conduct induces another to act on a belief in the existence of a certain state of facts he will be estopped as against him to allege a different state of facts." (7 Am. & Eng. Ency. of Law, 19.)

"Estoppel *in pais* may be defined to be a right arising from acts, admissions, or conduct which have induced a change of position in accordance with the real or apparent intention of the party against whom they are alleged." (Bigelow on Estoppel, 4th ed., 445.)

"Where a person tacitly encourages an act to be done he cannot afterwards exercise his legal right in opposition to such consent, if his conduct or acts of en-

couragement induced the other party to change his position so that he will be pecuniarily prejudiced by such adversary claim." (*Scott* v. *Jackson,* 89 Cal. 258.)

Under these authorities—and many more might be cited to the same effect—the appellant must be held estopped from questioning the due execution by him of the bond in suit.

The cases cited by appellant are not in point. In *Upton* v. *Archer,* 41 Cal. 85, 10 Am. Rep. 266, the plaintiff executed a deed of certain real property, leaving a blank for the insertion of the names of the grantees. An agent with whom the deed was left sold the property to the defendant, inserted his name in the blank, and delivered it to defendant as the plaintiff's deed. Plaintiff refused to recognize the sale or receive the purchase money, and it was held that under the statute of frauds the agent had no power to fill the blank without authority in writing to do so. This was upon the ground that the deed was a sealed instrument; but all distinctions between sealed and unsealed instruments are now abolished in this state. (Civ. Code, sec. 1629.)

In *Arguello* v. *Bours,* 67 Cal. 447, the plaintiff executed a deed with a blank for the name of the grantee. The deed came into the hands of Bours, and by his direction, in the absence of Arguello, and without any authority from him, one Inglis wrote Bours' name in the blank, and thereupon Bours took the deed and filed it for record.

In neither of these cases was there any claim that the plaintiff was estopped, and in the last-named case certainly no such claim could have been set up.

We advise that the judgment be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion it is ordered that the judgment appealed from be affirmed.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.