[L. A. No. 714. Department One.—June 6, 1900.]

A. L. CARPENTER et al., Respondents, v. W. C. FURREY et al., Appellants.

128 665
d133 378

128 665
138 545

128 665
o140 489

BUILDING CONTRACT—CONTRACTOR'S BOND—ACTION BY MATERIALMEN—DEMAND AND NOTICE NOT REQUIRED.—An action by materialmen against the sureties on the bond of a contractor executed pursuant to section 1203 of the Code of Civil Procedure may be maintained immediately on default of the principal, without any previous demand or notice. No notice is required by that section to fix the obligation sued upon; and, in the absence of a contract to that effect, no notice is required, whether the liability upon the bond be regarded as that of sureties or of guarantors.

ID.—CONTRACT NOT AN OFFER OF GUARANTY.—The obligation of the bond is absolute, and it is not an offer of guaranty, requiring a notice of acceptance.

ID.—CONSTITUTIONALITY OF CODE PROVISION—ADDITION OF NEW SECTION —TITLE OF ACT—SPECIAL LEGISLATION.—The act adding section 1203 of the Code of Civil Procedure to the mechanic's lien law entitled, "An act to add a new section to the Code of Civil Procedure of the state of California, numbered section 1203, relating to liens of mechanics and others," sufficiently embraces the subject of the act in the title, and is not special legislation, nor in conflict with any provision of the constitution.

ID.—FAILURE OF SURETIES TO JUSTIFY—PROTECTION OF OBLIGEES—ESTOPPEL OF SURETIES.—The requirement of section 1057 of the Code of Civil Procedure that the sureties shall justify by affidavit accompanying the bond is intended solely for the protection of obligees; and the sureties cannot object to the sufficiency of the bond merely because of their failure to comply with that requirement.

ID.—PLEADING—DETAILS OF CONTRACT—PRESUMPTION—GENERAL DEMURRER.—A complaint on the contractor's bond need not set out in detail the contract between the owner and the contractor, and is sufficient, as against a general demurrer, if it only sets out facts showing that plaintiff had pursuant to his contract furnished materials that were used in the building by the contractor in pursuance of the contract with the owner. In the absence of a special demurrer, it will be presumed from the fact that the materials were furnished to be used by the contractor in the construction of the house that they were so furnished and used in pursuance of the contract with the owner.

ID.—VALUE OF MATERIALS—CONTRACT PRICE—UNCERTAINTY—ABSENCE OF SPECIAL DEMURRER.—Where the complaint on the contractor's bond alleged and the court found the contract price of the materials furnished, the fact that the value of the materials is not alleged or found in pursuance of section 1203 of the Code of Civil Procedure does not affect the judgment, in the absence of a special demurrer for uncertainty in the complaint as to value.

APPEAL from a judgment of the Superior Court of Los Angeles County. Lucien Shaw, Judge.

The facts are stated in the opinion.

A. W. Hutton, and James G. Scarborough, for Appellants.

The liability on the bond is primarily to the owner, and it is in the nature of an offer of collateral guaranty to lienholders requiring notice of acceptance. (Civ. Code, secs. 2787, 2795; *La Rose v. Logansport etc. Bank*, 102 Ind. 332; *Furst etc. Mfg. Co. v. Black*, 111 Ind. 308; *Davis v. Wells*, 104 U. S. 159; *Davis etc. Co. v. Richards*, 115 U. S. 524; *Gardner v. Lloyd*, 110 Pa.

St. 278; *Winnebago Paper Mills v. Travis*, 56 Minn. 484; *Wilkins v. Carter*, 84 Tex. 438; *Farmers' Bank v. Tatnall*, 7 Houst. 287; *Barnes Cycle Co. v. Reed*, 84 Fed. Rep. 603; *Douglass v. Reynolds*, 7 Pet. 113.) Section 1203 of the Code of Civil Procedure contravenes sections 1, 11, and 21 of article I and section 25 of article IV of the constitution. (*Slocum v. Bear Valley Irr. Co.*, 122 Cal. 555; 68 Am. St. Rep. 68; *Pasadena v. Stimson*, 91 Cal. 238; *Gulf etc. Ry. Co. v. Ellis*, 165 U. S. 150; *State v. Fire Creek etc. Co.*, 33 W. Va. 188; 25 Am. St. Rep. 891; *Los Angeles etc. Co. v. Campbell* (Colo. App., Feb. 13, 1899), 56 Pac. Rep. 246.) The bond does not comply with the statute, and is only a common-law obligation. (*Smith v. Fargo*, 57 Cal. 157.) The remedy of plaintiff is not upon the bond, but by an action for damages as prescribed in section 1203. (*Monterey Co. v. Abbott*, 77 Cal. 541; *Lynch v. Butte Co.*, 102 Cal. 446.)

Borden & Carhart, for Respondents.

No notice is required under the statute. (Code Civ. Proc., sec. 1203.) If there is any guaranty, it is an absolute one of which no notice is required. (Civ. Code, secs. 2795, 2807; *Chafoin v. Rich*, 77 Cal. 476; *Coburn v. Brooks*, 78 Cal. 443; *Treweek v. Howard*, 105 Cal. 434; *Donley v. Camp*, 22 Ala. 659; 58 Am. Dec. 274; *Mitchell v. McCleary*, 42 Md. 375; *Carman v. Elledge*, 40 Iowa, 409; *Cooke v. Orne*, 37 Ill. 186; Brandt on Suretyship and Guaranty, secs. 164, 165, 170.) Section 1203 of the Code of Civil Procedure is not unconstitutional. (*People v. Superior Court*, 100 Cal. 120; *Hellman v. Shoulters*, 114 Cal. 150; *San Francisco etc. R. R. Co. v. State Board*, 60 Cal. 12.)

GRAY, C.—Appeal from judgment on judgment-roll without a bill of exceptions.

The plaintiffs furnished material in the construction of a building, and, three hundred and fifty dollars and fifteen cents of the contract price thereof remaining unpaid, they brought this action on the contractor's bond given in pursuance of section 1203 of the Code of Civil Procedure, and obtained judgment for that sum. Appellants are the sureties on said bond.

1. The obligation sued on was not a mere offer of guaranty,

depending for its binding force upon a notice of acceptance, but it was a contractor's bond conforming in all essential respects to the provisions of said section 1203 of the Code of Civil Procedure. It is immaterial whether the liability of appellants was that of sureties or guarantors; suit could be maintained against them immediately on default of the principal and without demand or notice. Said section provides: "Said bond shall by its terms be made to inure to the benefit of any and all persons who perform labor for or furnish materials to the contractor, or any person acting for him or by his authority; and any such person shall have an action to recover on said bond against the principal or sureties, or either of them, for the value of such labor or materials or both." No notice is required by this statute. Nor, in the absence of a contract to that effect, is a notice ever required to fix the liability of either a surety or guarantor. (*Treweek v. Howard,* 105 Cal. 441; *Coburn v. Brooks,* 78 Cal. 443; Civ. Code, sec. 2807.)

2. Said section 1203 is not unconstitutional. It does not contravene the provisions of section 24, article IV, of the constitution, requiring that every act shall embrace but one subject, which subject shall be expressed in its title. The title to the section is "an act to add a new section to the Code of Civil Procedure of the state of California, to be numbered section 1203, relating to liens of mechanics and others." The new section is the last of a chapter in the code relating to mechanics' liens, and in terms it refers to mechanics' liens and provides a security for claims in addition to such liens. Under the liberal construction of the said provision of the constitution heretofore adopted the title of the act in question must be held to be sufficient. (*Ex parte Liddell,* 93 Cal. 638; *People v. Superior Court,* 100 Cal. 120; *Hellman v. Shoulters,* 114 Cal. 150; *San Francisco etc. R. R. Co. v. State Board,* 60 Cal. 30.)

Neither is said section 1203 of the Code of Civil Procedure in conflict with any of those provisions of the constitution directed against class legislation and special laws. This section, which was added to the code in 1893, and the previous section of said code bearing the same number and similar in its provisions, which was enacted in 1885 and repealed in 1887, have been under consideration by this court several times and.

their constitutionality has not been questioned until now, so far as we are advised. (*Mangrum v. Truesdale,* 128 Cal. 145; *Kiessig v. Allspaugh,* 91 Cal. 236; 99 Cal. 453.) No case is cited in which this section or any similar provision has been held unconstitutional. And we think its validity may be upheld on the same reasoning that upholds other sections of the mechanics' lien law. A similar statute has been held constitutional and free from the objection that it was class legislation by the supreme court of Tennessee. (*Cole Mfg. Co. v. Falls,* 90 Tenn. 466.)

3. The requirement of section 1057 of the Code of Civil Procedure, that the sureties shall justify by affidavit accompanying the bond is intended solely for the protection of obligees; and it does not lie in the mouth of the sureties to object to the sufficiency of the bond because of their failure to comply with this provision of the law. (*People v. Shirley,* 18 Cal. 121; *Moffat v. Greenwalt,* 90 Cal. 368.)

4. The amended complaint is sufficient as against the demurrer interposed to it. It was not necessary to set out in detail the contract between the owner and the contractor. It was sufficient in that connection to set out facts showing, as the amended complaint does, that plaintiff had, pursuant to his contract, furnished materials that were used in the building in pursuance of the contract with the owner. From the fact that the materials were furnished to be used and were used by the contractor in the construction of the house it will be presumed that they were so furnished and used in pursuance of the contract with the owner. Against a general demurrer the allegations of the complaint on this point are certainly sufficient, and there is no special demurrer for uncertainty in this respect.

5. Section 1203 of the Code of Civil Procedure provides that anyone furnishing material may have an action for the value thereof, and the point is made that the value is not alleged in the complaint nor found by the court. The contract price of the materials is alleged and found, and there is no demurrer for uncertainty in the complaint as to value. The complaint and findings must therefore be held sufficient in this respect also. (*Bringham v. Knox,* 127 Cal. 40.)

The judgment should be affirmed.

Smith, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

.Van Dyke, J., Harrison, J., McFarland, J.