[Crim. No. 368. Second Appellate District.—January 29, 1915.]

## THE PEOPLE, Respondent, v. FRANK B. IMAMURA, Appellant.

CRIMINAL LAW—FORGERY OF INDORSEMENT OF CHECK—SUFFICIENCY OF EVIDENCE.—In this prosecution for forgery of an indorsement on a check it is held that the evidence was amply sufficient to sustain a verdict of conviction.

ID.—DELIVERY OF FORGED INSTRUMENT TO PAYEE UNNECESSARY.—It is not essential to such a crime that the check should have actually reached the hands of the person for whose benefit it was issued before the forging of the indorsement thereon.

ID.—VALIDITY OF CHECK.—In such a case the check being one which, if it had been received by the payee, might have been used by him and the sum of money represented thereby have been collected from the bank, it was in no sense a *nudum pactum.*

ID.—EVIDENCE—FAILURE TO READ CHECK TO JURY—WHEN IMMATERIAL. In such a case where the check was offered and received in evidence and its contents were pointed out and referred to by witnesses and counsel on both sides, it cannot be maintained that the contents of the check were not fully in evidence before the jury even though it was not read to the jury when offered in evidence as an exhibit.

ID.—INDORSEMENT—PLEADING.—In such a case whether all the indorsements appearing upon the back of the check, particularly one in Japanese, were set up in the information, is immaterial, where the charge against the defendant was that he forged the indorsement of the payee.

ID.—CONFESSIONS—ADMISSIBILITY OF.—It is held in this case that the evidence was sufficient to warrant the trial court in determining that certain confessions were not made under the influence of coercion or improper inducements.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. Frank R. Willis, Judge.

The facts are stated in the opinion of the court.

Edward J. Dennison, and J. B. Holley, for Appellant.

U. S. Webb, Attorney-General, George Beebe, Deputy Attorney-General, and Robert M. Clarke, Deputy Attorney-General, for Respondent.

JAMES, J.—Defendant was charged with and convicted of the crime of forgery. The appeal is from the judgment of imprisonment which followed, and an order denying a motion for a new trial.

A Japanese, named Maeshima, in the year 1913, was employed at a railway eating house in the county of San Bernardino. Appellant here was a fellow-employee and was acquainted with Maeshima. Maeshima had on deposit with the Yokohama Specie Bank at San Francisco a sum of money amounting to $504.49, evidence of which deposit he held in the form of a pass-book. In November of that year the appellant wrote a letter in Japanese characters to the San Francisco bank to which he signed the name of Maeshima, stating in the letter that the pretended writer was ill and required the money which he had on deposit there and requesting that it be forwarded to him at The Needles, giving a post-office box number to which the letter requested the money to be sent. In due time the bank forwarded a check payable to Maeshima for the amount of the deposit, which check was received by appellant and the registry receipt was signed by him with the name of Maeshima. The check was thereafter presented to a branch of the same bank in the city of Los Angeles and cashed. Appellant, when he testified at the trial, admitted that he had written the letter requesting the money to be forwarded in Maeshima's name; admitted that he had signed the name of Maeshima to the registry receipt and that he had also indorsed the same name upon the back of the check. He denied having presented the check for payment, and attempted to excuse himself for his acts by saying that he did all of the things enumerated at the suggestion of one Sato, who represented to him that he had the right to draw this money, as it belonged to him, Sato. The check when cashed bore the indorsement of the name "Maeshima" spelled in two ways. The first signature, the one which appellant admitted having written, was spelled "Mayeshima," which did not correspond to the payee's name appearing in the body of the check, which was "Maeshima." The evidence tended to show that the second indorsement of Maeshima on the back of the check was made at the suggestion of the bank when the money was paid on the instrument. An expert on handwriting gave it as his opinion that the same hand had written all of the indorsements on the back of the check. There was the further

26 Cal. App.—28

testimony given by an operator of a detective agency employed by the Bankers' Association, that appellant had admitted that.he had gone to the trunk of Maeshima and taken the pass-book therefrom and thereafter received the check from the San Francisco bank and cashed it in the city of Los Angeles. There was further testimony showing that not long after this time various sums of money aggregating nearly the amount of Maeshima's deposit, had been placed to the credit of appellant in various banks at The Needles. That the evidence was amply sufficient to sustain the verdict, admits of no dispute at all.

Complaint is made that the check upon which the indorsements of Maeshima's name were made, not having been delivered to Maeshima, was not the subject of forgery. There are no authorities to be found in this state, or in any other state so far as we are able to discover, which sustain that proposition. Our supreme court, in the case of *People* v. *Munroe,* 100 Cal. 664, [38 Am. St. Rep. 323, 24 L. R. A. 33, 35 Pac. 328], has said: "But we will take broader ground, and concede the essential ingredients of the crime of forgery to be: 1. A false making of some instrument; 2. A fraudulent intent; 3. If genuine, the writing might injure another. The third element stated is expressly recognized by this court to be the true test as to the nature of the writing." Because the check upon which the indorsements were afterwards forged was not forwarded at the request of Maeshima, is wholly immaterial. If the bank had, without suggestion from any person, decided to return to Maeshima his money in that way and appellant had unlawfully obtained possession of the check and forged the indorsements thereon, the legal situation would be no different. There is no rule of which we are cognizant which requires that a valid instrument upon which a liability may be created is not the subject of forgery until it has actually reached the hands of the person for whose benefit it was issued. The check which was made the subject of the forged indorsements in this case was in no sense a *nudum pactum;* it was a check which, if it had been received by Maeshima, might have been used by him and the sum of money represented thereby have been collected from the bank. There is no merit in the point that the check described in the information was not read to the jury when offered in evidence as an exhibit. It was offered and re-

ceived in evidence and its contents were pointed out and referred to by the witnesses and counsel on both sides. Under such condition of fact, it could hardly be maintained that the contents of the check were not fully in evidence before the jury. Whether all of the indorsements appearing upon the back of the check, particularly the one in Japanese, were set up in the information, seems immaterial. The charge against the appellant was that he forged the indorsement of Maeshima, and there was no such material variance between the check described in the information and that offered in evidence as to make the latter inadmissible. As to the confessions claimed to have been made by appellant, the evidence warranted the trial judge in determining that such statements were not made under the influence of coercion or improper inducements. No word of commendation can be given for the acts of the detective who arrested appellant, in keeping the latter within his personal custody for two days at a hotel at The Needles, instead of taking him promptly before a magistrate, as the law required him to do. This act of his was wholly unwarranted, unjustifiable, and deserving of severe censure.

We find no error in the record which warrants an order of reversal to be made in this case.

The judgment and order are affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 29, 1915.