[Civ. No. 3191. First Appellate District, Division One.—February 11, 1920.]

RIVERSIDE PORTLAND CEMENT COMPANY (a Corporation), Respondent, v. MARYLAND CASUALTY COMPANY (a Corporation), Appellant; C. B. DAVIS, Defendant.

[1] NOTARY PUBLIC — OFFICIAL MISCONDUCT OR NEGLECT — WHEN SURETY LIABLE.—In an action against the surety on the bond of a notary public, based on the official misconduct or neglect of the latter, it must appear that the default of the notary was the proximate cause of the loss suffered, or there can be no recovery.

[2] ID.—FINANCIAL CONDITION OF SURETIES ON CONTRACTORS' BOND—FALSE CERTIFICATE BY NOTARY — LIABILITY OF HIS SURETY TO MATERIALMEN.—The surety on the bond of a notary public is not liable to materialmen because of the act of such notary in making a false certificate as to the financial condition of the sureties on the bond of the building contractors to whom such materialmen furnished materials, where no damage was caused the materialmen by such act of the notary.

[3] ID.—EXECUTION OF BOND CONTAINING BLANKS—IMPLIED AUTHORIZATION TO COMPLETE—ESTOPPEL.—Where persons sign and deliver to a building contractor a bond for the protection of materialmen, knowing that there are blanks therein as to their financial condition, they consent by implication that the blanks may be filled, and are estopped from questioning its due execution as against those who, in good faith, supply materials to the contractors.

[4] ID.—DAMAGES ARISING FROM FALSE CERTIFICATE—FINDING UNSUPPORTED BY EVIDENCE.—A finding by the trial court that the plaintiffs were damaged by the act of the notary in making a false certificate as to the financial condition of the sureties on the bond of the building contractors is not justified where the evidence shows the plaintiffs merely inspected the record for information as to who the sureties were and relied upon the bond only in connection with an independent investigation of their worth and financial standing.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Monroe, Judge. Reversed.

The facts are stated in the opinion of the court.

John Murray Marshall and James S. Bennett for Appellant.

G. C. De Garmo, Alex Macdonald and O'Melveny, Stevens & Millikin for Respondent.

WASTE, P. J.—This is an appeal by the defendant Maryland Casualty Company, a corporation, from a judgment against it as surety upon, and in the full amount of, the official bond of C. B. Davis, a notary public.

E. P. Hunziker and E. C. A. Berger, as contractors, were about to erect a seven-story reinforced concrete hotel building for C. W. Howard, the ostensible owner. Before the contract for the work had been signed Hunziker took Davis, the notary, to his home, where he asked his wife, Josephine Hunziker, and his mother-in-law, Mary W. Crutsinger, to sign the printed form of bond to laborers and materialmen, attached to the contract. At the instance of Hunziker the women affixed their signatures to the purported bond, and to the affidavit attached, in the presence of Davis. He did not swear the signers to the truth of the contents of the affidavit, but, according to the findings, at his direction they "did raise their right hands and swear to their signatures, said bond being then blank as to amount." Hunziker then took the blank form away with him and delivered it to a man named Paden, who was the real owner of the property on which the building was to be erected.

Subsequently, at Paden's direction the blank spaces in the bond were filled in by typewriting, the amount of the bond being specified as thirty-five thousand dollars. The contract and bond were then filed in the office of the county recorder of Los Angeles County, the bond bearing the certificate of the notary, Davis, given and made under the official seal of his office, and which read as follows:

"State of California, &#125;
  County of ——, &#125; ss.

"Mary W. Crutsinger and Josephine Hunziker, the sureties whose names are subscribed to the above undertaking, being severally duly sworn, each for himself, says, that he is a resident and freeholder in said county and state, and is worth the sum in the said undertaking specified as the penalty thereof, over and above all his just debts and liabilities, exclusive of property exempt from execution.

                "Mary W. Crutsinger.   (Seal)
                "Josephine Hunziker.   (Seal)

"Subscribed and sworn to before me, this seventeenth day of September, 1914.

"(Notarial Seal)                                  C. B. DAVIS,
"Notary Public in and for the County of ——, State of California."

During the erection of the building plaintiff furnished to the contractors, Hunziker and Berger, cement used in the construction, to the value of $4,567, after deducting all credits. Plaintiff's assignor, the Trussed Concrete Steel Company, furnished column hooping and ceiling mesh to the value of $4,012.07, less credits and offsets. The contractors paid neither of these amounts, and the parties so furnishing materials duly filed their claims of lien for the respective sums due. The Trussed Concrete Steel Company then commenced an action to foreclose its lien, naming as defendants the ostensible owner Howard, who signed the contract, the contractors Hunziker and Berger, Mrs. Hunziker and Mrs. Crutsinger, the sureties on the bond. The plaintiff here, as a defendant and cross-complainant, filed a cross-complaint against all the parties to foreclose its lien, and for a money judgment against the contractors, Hunziker and Berger, said Mrs. Hunziker and Mrs. Crutsinger, on the said contractors' bond.

A decree of foreclosure was denied both the plaintiff and its assignor here in said action because of the fact the rights of both, under their respective liens, had been foreclosed and lost under a prior deed of trust of the property to other parties. Judgment was entered in the action in favor of each claimant, however, against the contractors and Mrs. Hunziker and Mrs. Crutsinger, on the bond, in favor of the plaintiff for $4,567, with interest, and in favor of the steel company for $1,614.48, with interest. These judgments have not been paid, or satisfied, and are the basis of this action against the surety on the bond of the notary, Davis.

The lower court found that in furnishing these materials, the parties relied upon the certificate of the notary, Davis, that Mrs. Crutsinger and Mrs. Hunziker had severally made the statement to him, under oath, that they were each worth the sum of thirty-five thousand dollars, the amount specified in the bond when filed, and had made the other statements certified to. The court further found that the contractors,

and Mrs. Crutsinger and Mrs. Hunziker, their sureties, were insolvent at the time Davis made his certificate, and have been ever since. It therefore concluded that because of the making of the false certificate by the notary, the plaintiff and its assignor had been damaged in the amount of their respective unpaid claims, and ordered judgment against the surety on the notary bond.

Appellant specifies a number of particulars in which it asserts the evidence is insufficient to support the findings. Upon the whole record we seriously doubt the correctness of the lower court's finding, that in furnishing the materials to the contractors, the plaintiff and its assignor relied upon the certificate to the bond. The real fact, as shown by the evidence, is that they inspected the record "for information" as to who the sureties were, and "relied upon the bond" only in connection with an independent investigation of their worth and financial standing. However, whether the findings are supported or not, the conclusions reached by the trial court are erroneous, and the judgment must be reversed.

[1] In an action such as this it must appear that the default of the notary was the proximate cause of the loss, or there can be no recovery. (20 R. C. L. 336; *American Security Co.* v. *First Nat. Bank,* 203 Ala. 179, [82 South. 429]; *Overacre* v. *Blake,* 82 Cal. 77, 82, [22 Pac. 979].) The code declares that "for the official misconduct or neglect of a notary public, he and the sureties upon his official bond are liable to the parties injured thereby for all the damages sustained." (Pol. Code, sec. 801.) But it is clear that no action will lie to recover damages if no damages have been sustained. (*McAllister* v. *Clement,* 75 Cal. 182, 184, [16 Pac. 775].) [2] Assuming, therefore, that the findings, aside from mere conclusions, are true, plaintiff and its assignor suffered no loss by reason of any act on the part of Davis, the notary, for which his surety is liable. Even though the certificate had spoken truthfully, instead of being false, the position of the respondent would not have been improved thereby.

If the sureties on the bond were insolvent all the time, that undertaking was no protection to the persons it was supposed to secure, and no infirmity in its due execution rendered it less valuable. (*McAllister* v. *Clement, supra;*

*Heidt* v. *Minor,* 89 Cal. 115, 121, [26 Pac. 627].)   **[3]**   On
the other hand, if the sureties were financially sound they
could not escape liability upon their undertaking by rea-
son of the irregularity in the execution of the bond.   Hav-
ing signed and delivered it to Hunziker, knowing that there
were blanks therein, the sureties consented by implication
that the blanks might be filled, and were estopped from
questioning its due execution as against those who, in
good faith, supplied materials to the contractors.   (*Dolbeer*
v. *Livingston,* 100 Cal. 617, 621, [35 Pac. 328].)   It did
not lie in the mouth of the sureties to object to the suffi-
ciency of the bond because of any failure on their part to
comply with the provision of the law regarding justifica-
tion.   (*Moffat* v. *Greenwalt,* 90 Cal. 368, 371, [27 Pac.
296]; *Carpenter* v. *Furrey,* 128 Cal. 665, 669, [61 Pac.
369].)   There was nothing in the act of the notary to pre-
vent, and, as already stated, the materialmen did obtain,
judgment against the sureties on the bond, on which
they are now seeking to recover against the surety of the
notary.

**[4]**   Consequently, the finding, or, more correctly speak-
ing, the conclusion of the lower court that the plaintiff
and its assignor were damaged by the act of the notary, is
without support.

The judgment is reversed.

Knight, J., *pro tem.,* and Richards, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on April 7, 1920, and the following
opinion then rendered thereon:

THE COURT.—On application for a hearing in this court
after decision by the district court of appeal of the first ap-
pellate district, division one.

From an inspection of the record it seems clear that as
suggested by the district court of appeal in its opinion,
there is not sufficient support in the evidence for the
conclusion that plaintiff or its assignor relied upon the
affidavit attached to the bond in extending credit, and that,
as said by the district court of appeal, "the real fact, as
shown by the evidence, is that they inspected the record for

information as to who the sureties were, and relied upon the bond only in connection with an independent investigation of their worth and financial standing.'' This being the situation, the finding substantially to the effect that the plaintiff and his assignor relied in giving credit upon such affidavit and the certificate of the notary that the same had been subscribed and sworn to before him is not sufficiently sustained by the evidence, with the result that the matter complained of was not the proximate cause of plaintiff's loss. In so far as the opinion of the district court of appeal holds or implies that the notary's default could not be the proximate cause of the loss, notwithstanding reliance is placed on the affidavit and notary's certificate in extending credit we withhold our approval, without expressing any opinion thereon, and leaving the matter open for determination on the new trial.

The application for a hearing in this court is denied.

Angellotti, C. J., Shaw, J., Lennon, J., and Kerrigan, J., *pro tem.*, concurred.

Lawlor, J., Wilbur, J., and Olney, J., dissented from the order denying the hearing.