DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[No. 12517. In Bank. — July 8, 1890.]

LEONORA J. EVERSDON, Respondent, v. CHARLES R. MAYHEW, Appellant.

Appeal — Law of the Case — Points Necessarily Involved — Examination of Former Transcript. — The decision of this court rendered upon a former appeal becomes the law of the case as to whatever was necessarily involved in the decision; and the transcript and briefs upon that appeal may be examined by the court, to discover what points were necessarily involved.

Id. — Sufficiency of Complaint to Enforce a Trust. — When the transcript upon a former appeal shows that the complaint is the same as upon a subsequent appeal, and that the same argument against its sufficiency was made upon both appeals, the decision upon a former appeal, that upon the record before the court the plaintiff is entitled to a beneficial interest in one half the property, necessarily involves the sufficiency of the complaint to establish and enforce a trust in respect to such interest; and such sufficiency cannot be inquired into upon the subsequent appeal.

Misjoinder of Causes of Action — Pleading — Demurrer — Motion to Strike out. — A misjoinder of two causes of action in a complaint can only be objected to by a demurrer on that ground, and cannot be remedied by a motion to strike out part of the pleading.

Variance in Proof — Remedy — Objection to Evidence — Nonsuit. — If the cause of action shown by the evidence is somewhat, but not radically, different from that stated in the complaint, the objection should be presented, either by a specific objection to evidence, or by a motion for nonsuit, particularly indicating the precise ground.

Enforcement of Trust — Town-site Title — Patent in Trust for Occupants — Rights of Co-heirs of Occupant. — An heir of one who

LXXXV. CAL.—1

was in possession of a town lot under color of title, and who was one of the class for whose benefit the town-site acts were passed, can enforce a trust for his moiety of interest against a co-heir who obtains title to the whole lot under a patent issued "in trust for the several use and benefit of the occupants of the town site according to their respective interests," and may enforce such trust against a purchaser from such co-heir with notice of the rights of the plaintiff.

Id. — Deed of Town Lot — Assumed Name of Grantee — Identity. — The fact that the possessor of such town lot became the occupant under a deed from a prior occupant made to her as grantee under an assumed name, by which she was known, instead of her real name, is unimportant, and cannot affect her rights as a beneficiary under the town-site patent.

Id. — Notice to Purchaser from Co-heir — Record of Deed to Occupant. — The record of such deed to the occupant of the town lot under such assumed name is notice to a subsequent purchaser from the husband of the grantee, who acquired the title to the whole lot, in fraud of the rights of plaintiff as a co-heir, sufficient to put such purchaser upon inquiry as to the true condition of the title, and he is chargeable with notice that the plaintiff was the equitable owner of one half of the property, if the evidence shows that slight inquiry would have apprised him of that fact.

Secondary Evidence — Admission of Copy of Deed — General Objection. — The admission of a copy of a deed, without accounting for the original, can only be objected to on the ground that the copy is not the best evidence, and a general objection is insufficient.

Appeal from a judgment of the Superior Court of Tehama County, and from an order denying a new trial.

The facts are stated in the opinion rendered in Department Two, and upon the former appeals therein referred to.

*John F. Ellison,* for Appellant.

The complaint states only a cause of action in ejectment, and the court erred in denying defendant's motion to strike out the allegations looking to equitable relief. The part sought to be stricken out shows no ground for equitable relief, as the complaint merely alleges "that said certificate of title [from the county judge] was obtained by said Henry Wasson through fraud and misrepresentation, for the purpose of defrauding the plaintiff," and alleges no facts constituting the fraud. (*Kent* v.

*Snyder,* 30 Cal. 667; *Castle* v. *Bader,* 23 Cal. 76; *Oakland* v. *Carpentier,* 21 Cal. 661; *Simple* v. *Hager,* 27 Cal. 163.) The former appeal did not estop the defendant from insisting on this motion. (Code Civ. Proc., sec. 453; *McLeran* v. *Benton,* 73 Cal. 329.) Irrelevant and redundant matter inserted in a pleading should be stricken out. (Code Civ. Proc., sec. 453; *Brown* v. *Aubrey,* 22 Cal. 567; *Mora* v. *Leroy,* 58 Cal. 8; *Larco* v. *Casaneuava,* 30 Cal. 565; *Willson* v. *Cleaveland,* 30 Cal. 192; *Coryell* v. *Cain,* 16 Cal. 567.) If separate causes of action are not separately stated in a complaint, the complaint must be construed as stating only the cause of action principally intended. (*Sharp* v. *Miller,* 54 Cal. 590.) The legal title being in the defendant, it should control in ejectment, and the motion for a nonsuit should be sustained on that ground. (*Clark* v. *Lockwood,* 21 Cal. 220; *Estrada* v. *Murphy,* 19 Cal. 248, 272; *O'Connell* v. *Dougherty,* 32 Cal. 460; *Emeric* v. *Penniman,* 26 Cal. 123; *Kenyon* v. *Quinn,* 41 Cal. 325; Perry on Trusts, sec. 218; *Lawrence* v. *Webster,* 44 Cal. 385; *Miller* v. *Dale,* 44 Cal. 563.) The complaint does not aver that defendant had notice of any fraud before his purchase. (*Wyrick* v. *Weck,* 68 Cal. 8.) The original deed from George Stafford to Ann Watson should have been produced, or its absence accounted for. (*Brown* v. *Griffith,* 70 Cal. 14.) A deed to Ann Watson cannot convey any interest to Idonia Eversdon. A deed to a fictitious person does not transfer title. (*Barr* v. *Schroeder,* 32 Cal. 609.) A party in searching the record is not bound to go back of the paramount source of title, to discover outstanding claims or equities not in the chain of paramount title. (*Moore* v. *Wilkinson,* 13 Cal. 488; *Beard* v. *Federy,* 3 Wall. 478–491; *Stringer* v. *Young's Lessee,* 3 Pet. 343; *Bagnell* v. *Broderick,* 13 Pet. 450.) The judgment is in contradiction of the allegations of the complaint, and cannot be sustained. (*Von Drachenfels* v. *Doolittle,* 77 Cal. 295; *Hicks* v. *Murray,* 43 Cal. 521. *Mandran* v. *Goux,* 51

Cal. 151; *Sigourney* v. *Zellerbach*, 55 Cal. 440; *Burke* v. *Levy*, 68 Cal. 32; *Heinlen* v. *Heilbron*, 71 Cal. 563.)

*Chipman & Garter*, for Respondent.

A cause of action, though insufficiently stated, cannot be stricken from a pleading; the matter to be stricken out must be irrelevant. (Code Civ. Proc. sec. 453; *Jackson* v. *Lebar*, 53 Cal. 255.) That plaintiff has a beneficial interest in one half the town lot in controversy, and that defendant is a trustee of the legal title to that extent for plaintiff, is the law of the case. (57 Cal. 144; 65 Cal. 163, 166.) That the defendant must allege and prove a *bona fide* purchase without notice, actual or constructive, at the time of payment of the purchase-money, is the law of the case. (65 Cal. 167.) A deed may be made to a grantee by any name by which the grantee is known. (*Garwood* v. *Hastings*, 38 Cal. 222; 1 Devlin on Deeds, sec. 185.) The general objection that the copy of the deed to Ann Watson was irrelevant, immaterial, and incompetent does not include the specific objection that the absence of the original had not been accounted for. (*Thompson* v. *Thornton*, 50 Cal. 142; *Kiler* v. *Kimbal*, 10 Cal. 268; *Martin* v. *Travers*, 12 Cal. 243; *Nightingale* v. *Scannell*, 18 Cal. 323; *Cochran* v. *O'Keefe*, 34 Cal. 557; *Sneed* v. *Osborn*, 25 Cal. 627; *Owen* v. *Frink*, 24 Cal. 177; *Gardiner* v. *Schmaelzle*, 47 Cal. 590; *Braly* v. *Reese*, 51 Cal. 462; *Satterlee* v. *Bliss*, 36 Cal. 511; *Winans* v. *Hassey*, 48 Cal. 637.)

WORKS, J. — This case was affirmed in Department One, and a rehearing granted. We have again given it our careful attention, and are satisfied that the correct conclusion was reached on the former hearing, for the reasons stated in the opinion of Commissioner Hayne. It was claimed in the petition for a rehearing that the statute of 1868 (Stats. 1867–68, p. 489), referred to and relied upon in the opinion of the learned commissioner

as affording notice to the defendant of the plaintiff's title, was not the one under which the deed of the county judge to Wasson was made. We think counsel are right in this contention, and that the wrong statute was referred to by mistake. But in our opinion this does not materially affect the question of notice. There was a deed of record from one Stafford to Mrs. Wasson, by the name of Ann Watson, before her marriage. This deed showed the conveyance of the property to another than the defendant's grantor, Wasson, and was sufficient to put him upon inquiry as to the true condition of his title. And the evidence clearly shows that a very slight degree of inquiry and diligence would have apprised him of the fact that the plaintiff was the equitable owner of one half of the property in controversy. In all other respects the opinion of Commissioner Hayne is approved.

Judgment affirmed.

PATERSON, J., FOX, J., SHARPSTEIN, J., and McFARLAND, J., concurred.

The following is the opinion of Commissioner Hayne, above referred to, rendered on the 25th of April, 1889:—

HAYNE, C.—The material facts of this case are as follows: The property in controversy consists of several lots in the town of Red Bluff. For several years before 1865, one Stafford was in possession of these lots. In 1865 he made a deed purporting to convey them to a woman who was then known by the name of Ann Watson, but whose real name was Idonia Eversdon. It does not appear that there was any legal change of name. It would seem that the name of Ann Watson was one which she chose to assume, and it was the name by which she was known. After the conveyance from Stafford, she lived upon the property up to the time of her death, in 1867. The plaintiff, who was her child, lived upon the property

with her mother. These facts appear clearly and without contradiction. The assertions of counsel as to the insufficiency of evidence appear to us to be based mainly on the difference between the names "Idonia Eversdon" and "Ann Watson." But inasmuch as the identity of the person bearing or known by these two names is clearly established, we think that the difference of name is unimportant.

It appears, therefore, that the mother of the plaintiff was an inhabitant of the town of Red Bluff, and was in possession of the property under color of title. She was therefore one of the class for whose benefit the town-site acts were passed. In December, 1866, she married one Henry Wasson. After this marriage, she and her child and Wasson lived upon the property until her death, in 1867. She is not shown to have left any will, or any other heirs than the plaintiff and Wasson. Before her marriage with Wasson, viz., in September, 1866, the United States government issued a patent for the lands in the town to the county judge, "in trust, for the several use and benefit of the occupants of said town site according to their respective interests," and after her death Wasson applied for and obtained a certificate of title to the whole of the property in his own name. He conveyed to one Bryant, and he conveyed to the defendant, who paid valuable consideration for the property, and who had no notice of the rights of the plaintiff other than was given by the public records.

This is the third appeal. The first trial resulted in a judgment for the defendant. This was reversed, the court holding, among other things, that the complaint stated a good cause of action in ejectment. Nothing was said concerning the rest of the complaint. (57 Cal. 144.) The second trial also resulted in a judgment for the defendant, and the judgment also was reversed. (65 Cal. 163.) Upon this second appeal the court held that the plaintiff and Wasson were tenants in common, and that

the title acquired by him under the county judge's certificate inured to the benefit of the plaintiff; in other words, that Wasson was a trustee for the plaintiff to the extent of her interest in the property. This was not put upon the ground of any false representation by Wasson in his application for title, but upon the ground of the relation which existed between him and his co-heir. The court further held that the records were sufficient to give notice to the defendant of the plaintiff's rights. The third trial resulted in a judgment for the plaintiff, from which, and from an order denying a motion for a new trial, the defendant appeals.

There are several matters which the appellant claims were not disposed of by the second appeal.

1. It is contended that while the complaint states a cause of action in ejectment, as was held upon the first appeal, it does not state a cause of action for the establishment of a trust. The complaint, however, contains more than a cause of action in ejectment. It attempts to show that the certificate of the county judge was obtained by fraud, and that the plaintiff was entitled to the whole property, instead of one half thereof, which was the portion which the court held upon the second appeal that she was entitled to. Now, whatever may be its defects, we think that its sufficiency as a complaint to establish the trust must be held to have been passed upon on the second appeal. We have looked into the transcript and briefs upon that appeal, as it is permissible to do in order to ascertain what is the law of the case (see *McKinlay* v. *Tuttle*, 42 Cal. 576), and we find that the complaint here is the same as that then before the court, and that the same argument was made against it then that is made now. The court did not say in express terms that it was sufficient, but treated it as stating a cause of action for the enforcement of a trust; for it would not have adjudged that upon the record before it the plaintiff was entitled to the beneficial interest in one half of the prop-

erty, if the only cause of action stated in the complaint was in ejectment. The sufficiency of the complaint in this regard, therefore, was not only argued, but was necessarily involved in the decision. (*Reclamation Dist.* v. *Goldman*, 65 Cal. 636.) It results that the complaint must now be regarded as stating two causes of action,— one in ejectment and one for the establishment of a trust. But there was no demurrer for misjoinder of causes of action, or on any other ground; and the matter could not be presented by a motion to strike out part of the pleading. And if it be true that the cause of action shown by the evidence was somewhat, but not radically, different from that stated in the complaint, the objection should have been presented either by a specific objection to evidence, or by a motion for nonsuit on that particular ground. The precise ground should have been indicated, which was not done.

2. It is contended that there is nothing to show that the defendant had notice of the plaintiff's rights at the time he purchased. On the second appeal the question of notice was disposed of on two grounds. It was held in the first place that the records were such as to give defendant constructive notice of facts sufficient to put him on inquiry, and in the second place, that the answer was not such as to present the defense. The answer having been amended in the particulars indicated by the court, the question is, whether the records were such as to put the defendant upon inquiry. The decision of the court in this regard was rested upon the fact that the record of the deed from Stafford to Ann Watson gave notice that she had a claim, and that the written application of Wasson for the certificate of title showed that he claimed as her heir. The court, in addition, stated that the defendant had examined the records, but whether he had or not is certainly immaterial. Besides this, the defendant expressly admits that he had the records examined. If the record before us shows these two facts, the decis-

ion upon the former appeal is conclusive. The written application, however, is omitted from the record, the respondent says, through inadvertence; but as a matter of course we must take the record as we find it. In this regard, it might, perhaps, be argued that the burden of proof to show that he had no notice is on the defendant. It was held on the second appeal that he must plead the want of notice. And it has been said that the burden of proof of want of notice is on the party setting it up. (See *Long* v. *Dollarhide*, 24 Cal. 227.) But while this is certainly true as to the payment of value, we are not sure whether it is true as to the want of notice (see *Shotwell* v. *Harrison*, 22 Mich. 419); and we express no opinion in regard to it. For we think that upon the record before us the fact must be taken to be that the defendant had notice that Wasson claimed as the heir of his wife. The county judge's certificate, which conveyed the legal title, and under which the defendant claims, contains the following recital: " Henry Wasson, having duly made claim and application in writing, by his oath to me, under the last-named act," etc. The defendant therefore had notice that a written application was in fact filed by Wasson; and having been once filed, it will be presumed to have been on file at the time the defendant purchased. Now, the law under which the application was made requires that it shall state " the facts constituting the possession *or right of possession* of the claimant." (Laws 1867–68, p. 489, sec. 7); and inasmuch as the judge granted the application, it must be presumed to have been regular in form, and consequently to have stated the facts constituting Wasson's right of possession. But the only right of possession which he had, and apparently the only one which he claimed, was as the heir of his wife. And it must be presumed that he stated the one which he had, and not some one which he did not have or claim; for if he did not state the facts truly, he would have been guilty of perjury, which

will not be presumed. The presumption of innocence is strong, and has been held to overcome even the presumption of life. (*Montgomery* v. *Bevans*, 1 Saw. 653.) It is rather to be presumed that the county judge mistook the law, than that Wasson committed perjury in stating the facts. If he stated the facts truly, the application on file showed that he claimed as heir of his wife. And hence it must be held, upon the record before us, that the defendant had notice that Wasson claimed through his wife. This brings the case within the decision upon the second appeal, which is the law of the case.

3. It is contended that the court erred in admitting in evidence the copy of the deed from Stafford to the mother of the plaintiff without accounting for the original. The exclusion of such a document would have to be placed upon the ground that the copy was not the best evidence. But the objection was not made upon this ground, and a general objection is insufficient. (*Braly* v. *Reese*, 51 Cal. 462.) If a specific objection had been made, the defendant might have accounted for the original.

The other matters do not require special notice. We therefore advise that the judgment and order appealed from be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.

BEATTY, C. J., dissenting.— I dissent from the conclusion that the defendant had notice, actual or constructive, of plaintiff's equity at the time of his purchase. Upon this point the evidence in the record before us differs materially from that presented on the second appeal. (65 Cal. 167.) And I do not understand it to have been held in that case that *constructive notice* of the deed to plaintiff's mother, and of Wasson's application

for patent, was *imputed* to defendant by reason merely of their existence as records. It was, as I understand the opinion, decided that he had *actual* knowledge of these records, and that this was sufficient to put him on inquiry, which would have informed him of plaintiff's rights. In this record, evidence of actual notice of the deed and application is wanting.

The judgment and order should, in my opinion, be reversed.