[Civ. No. 3973. First Appellate District, Division One.—January 24, 1922.]

M. F. ROSS, Appellant, v. NEW AMSTERDAM CASU- ALTY COMPANY et al., Respondents.

[1] Notaries Public—Official Misconduct—Pleading—Insufficient Complaint.—A complaint in an action against a notary public and the surety on his official bond to recover damages for alleged negligence in attaching his certificate of acknowledgment to a bill of sale fails to state a cause of action where it affirmatively appears from the allegations that the bill of sale was valueless, for the reason that the title to the property described was in an-

other person, since the defendants are liable only for what would be the value of the instrument if valid.

[2] Id.—Purpose of Notarial Certificate.—A notary public in affixing his certificate of acknowledgment to an instrument purporting to convey title to property does not certify to the ownership in the person executing such instrument of the property described therein, since the purpose of the certificate is to establish the identity of the grantor and genuineness of the signature to the instrument.

[3] Id.—Action Against Notary and Surety—Pleading—Individual Liability—Insufficiency of Complaint.—A complaint in an action against a notary public and the surety on his official bond for damages for alleged negligence in attaching his certificate of acknowledgment to a bill of sale fails to state a cause of action against the notary in his personal capacity by the mere allegation that the acknowledgment was fraudulent and was executed so that the party executing the bill of sale could represent that she was the owner of the property described in the instrument, since such averment does not sufficiently show a conspiracy and fails to measure up to that degree of particularity requisite in actions for damages for fraud and deceit.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Reisner & Honey for Appellant.

Lilienthal, McKinstry, Raymond, Haber & Firebaugh for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the defendants entered upon an order sustaining a demurrer to the plaintiff's second amended complaint without leave to amend. The action is one in form to recover damages against the defendant Mark Lane as a notary public and against the defendant New Amsterdam Casualty Company, a corporation, as the surety upon his official bond, in the sum of $650 alleged to have been sustained through the official misconduct and negligence of said defendant Mark

---

3. Liability of notary public on his bond, notes, 82 **Am. St. Rep.** 380; 18 **A. L. R.** 1302.

Lane as a notary public in the course of the following transaction as set forth in the plaintiff's second amended complaint substantially as follows: On or about November 6, 1919, the plaintiff paid to one Gladys Steele the sum of $650 as the purchase price of an automobile represented by said Gladys Steele to belong to her and to have been purchased by her from one John Reed; and the said Gladys Steele, as an inducement to the plaintiff to buy said automobile, presented to plaintiff a bill of sale which she represented she had received from said John Reed, which bill of sale was in the usual form of such documents, but which had attached to it a certificate of acknowledgment in the statutory form of such certificates executed by said Mark Lane as a notary public and certifying that John Reed, known to him to be the person described in and whose name was subscribed to the annexed instrument, had appeared before him as such notary public and acknowledged that he executed the said instrument. The plaintiff alleges that he relied upon said bill of sale and particularly upon said acknowledgment and paid over to said Gladys Steele said sum as the purchase price of said automobile, whereas in truth and fact said John Reed was a fictitious person who never had appeared before said notary public nor acknowledged the execution of said instrument and that the said certificate of acknowledgment and of said notary public attached to said bill of sale was false, fraudulent, and untrue, and was made and executed by the defendant Mark Lane so that said Gladys Steele could represent that she was the owner of said automobile and had purchased same from said John Reed; that said automobile was in fact stolen property and belonged to one Rodgers, who subsequently reclaimed it through the police department from the said plaintiff, to his damage and loss in the sum of $650, which he now seeks to recover from Mark Lane or said surety upon his official bond.

[1] Viewing this action as one to recover damages from the defendant Mark Lane as a notary public and from the New Amsterdam Casualty Company as surety upon his official bond, it would seem clear that the complaint fails to state a cause of action. Conceding, as we must, for the purposes of this appeal that the averments of the plaintiff's complaint are true, the damages which he is alleged therein to have sustained are not referable to the alleged falsity of the

certificate of acknowledgment attached by said notary public to the alleged bill of sale of said Reed.  **[2]**  A notary public in affixing his certificate of acknowledgment to an instrument purporting to convey title to property does not certify to the ownership in the person executing such instrument of the property described therein.  (*Homan* v. *Wayer,* 9 Cal. App. 123 [98 Pac. 80]; *Overacre* v. *Blake,* 82 Cal. 77 [22 Pac. 979].)  In the case of *Homan* v. *Wayer, supra,* it is stated that "the purpose of the certificate is to establish the identity of the grantor and genuineness of the signature to the deed."  Assuming the fact to be as averred in the plaintiff's complaint, and conceding that the said defendant Mark Lane committed a breach of his duty as a notary public in falsely identifying by his said certificate of acknowledgment John Reed as an actual person and also as the person executing said bill of sale, for which breach of duty he and his surety would be liable to any person injured thereby, the question still remains as to what injury the plaintiff suffered by the wrongful act of said notary.  This question may be answered by the inquiry as to what advantage it would have been to the plaintiff had the notary's certificate been in all respects true.  Neither John Reed nor Gladys Steele was, nor had either ever been, the owner of said property, and hence a bill of sale from both or either could not have been effectual to transfer any title to or interest in the same to the plaintiff.  Therefore the plaintiff could have received no title to the automobile had John Reed been an actual person and had the bill of sale from himself to Gladys Steele been actually made and properly executed and certified.  How can he be said to have sustained any damage from the alleged fact that John Reed was a fictitious person and that his purported bill of sale was falsely acknowledged and certified to by the notary public?  The case of *Heidt* v. *Minor,* 89 Cal. 115 [26 Pac. 627], seems to cover this precise situation.  In that case the official misconduct for which the defendants, the notary, and his official bondsman were sought to be made liable consisted in the making and attaching to counterfeit mortgages false certificates of their due acknowledgment.  The court says: "The plaintiff is not entitled to recover any more than his loss by reason of said certificates being false instead of true. . . . The official misconduct consisted in certifying falsely to the acknowledg-

ments of the mortgages. The defendants are liable only for what would be the value of those mortgages if valid. The court has not found that they would be of any value if valid. Therefore the proper basis for determining the liability of the defendants is wanting.'' The same principle is recognized in the case of *McAllister* v. *Clement*, 75 Cal. 182 [16 Pac. 775], wherein the court held that a false acknowledgment to a mortgage which was valueless could not be made the basis of a recovery against a notary public and his sureties upon his official bond. In the case at bar the plaintiff's complaint affirmatively shows that the bill of sale from Reed to Steele was valueless, for the reason that the title to the property described therein was in another. This being so, there is no escape from the application of the foregoing cases to the case at bar.

[3] The appellant, however, contends that his complaint states a cause of action against the defendant Mark Lane in his personal capacity and apart from his liability for official misconduct. This contention could only be predicated upon the existence of a conspiracy to defraud the plaintiff, entered into between Gladys Steele and the defendant Lane. As to such a cause of action the defendant New Amsterdam Casualty Company would not be a proper party, since it requires no argument to show that it is not liable under the terms of its undertaking for conspiracy or other forms of wrongdoing engaged in by its principal in his personal capacity and beyond the line of his official duty. As to the defendant Lane, however, the only averment in defendant's complaint which squints in the direction of such a conspiracy is the following: ''That said acknowledgment of said bill of sale was false, fraudulent, and untrue and was made and executed by the defendant Mark Lane so that the said Gladys Steele could represent that she was the owner of said automobile and had purchased the same from said John Reed.'' This averment falls far short of alleging a conspiracy to defraud the plaintiff entered into between the defendant Lane and Gladys Steele and entirely fails to measure up to that degree of particularity requisite in actions for damages for fraud and deceit. Taking the plaintiff's complaint as a whole, it is apparent that the pleader was attempting to state no such cause of action, since had he so intended he would not have sued the defendant's Surety Com-

pany, but, on the contrary, would have made Gladys Steele a party to the action. This action viewed from the four corners of the plaintiff's second amended complaint is an action against Mark Lane in his official capacity as a notary public and against the surety upon his official bond for a violation of his official duty. As such, said complaint fails to state a cause of action against the defendants and hence the demurrer to said complaint was properly sustained.

Judgment affirmed.

Kerrigan, J., and Tyler, P. J., concurred.