John STEMMONS and Western Surety &
Casualty Company, a Corporation,
Plaintiff in Error,

v.

Virgil AKINS, d/b/a Akins Motor Sales
Company, Defendant in Error.

No. 36476.

Supreme Court of Oklahoma.

May 10, 1955.

Joe N. Shidler, Gordon L. Patten, William J. Threadgill, Tulsa, for plaintiffs in error.

J. C. Farmer, Robert J. Woolsey, Otho Flippo, J. B. Bailey, Tulsa, for defendant in error.

DAVISON, Justice.

This is an action wherein Virgil Akins, as plaintiff, sued the defendants, John Stemmons, a notary public, and Western Surety & Casualty Company, the surety on his official bond, to recover damages allegedly resulting from a false certificate of subscription made by said notary on a certificate of title to an automobile. The parties will be referred to as they appeared in the trial court.

Plaintiff and defendant Stemmons were both used car dealers in Tulsa, Oklahoma, the said Stemmons being also a notary public. On October 31, 1952, Akins was approached by a certain Arnold Cornelius, about trading or selling the automobile which he, Cornelius, was driving. They

came to terms on a trade of that car for one plaintiff had on his used car lot. Cornelius produced a certificate of title to his car, issued to one Le Roy Robertson and bearing an assignment purportedly signed by Robertson and sworn to before the defendant, Stemmons, as notary public, in conformity with the requirements of 47 O.S.1951 § 23.6. Plaintiff, however, would not complete the sale until he talked with said defendant on the telephone. In reply to questions about the transfer, plaintiff was informed, by said defendant, that he knew the said Le Roy Robertson and that he had personally seen Robertson sign the transfer and assignment on the certificate. Plaintiff would not have traded cars with Cornelius except for the certificate of defendant and the verification thereof by telephone conversation.

Some time later, plaintiff sold the automobile and in May of 1953 it was taken by officers because of having been stolen. Plaintiff expended some $1,120.56 in protecting his vendee in the possession and title to the automobile. Failing to be reimbursed for that expense, he brought this action against Stemmons and the surety on his official bond as notary public. Trial to a jury resulted in verdict and judgment for the above amount, from which this appeal has been perfected.

For reversal, defendants argue that, "the acknowledgment, even if false, was not the proximate cause of any damage to the defendant in error, for the reason that a certificate of title of a motor vehicle in the State of Oklahoma is not a muniment of title and the transfer of same is a transaction separate and distinct from the transfer of ownership of a motor vehicle," citing the cases of Williams v. Williams, Okl., 274 P.2d 359, and Parrott v. Gulick, 145 Okl. 129, 292 P. 48, to the effect that a transfer of a title certificate is not essential to a conveyance of the title to an automobile. Also cited is the case of Ross v. New Amsterdam Casualty Company, 56 Cal.App. 254, 205 P. 43, 45. In the latter case it was held that a false acknowledgement of a bill of sale bearing purported signatures of fictitious persons was not the proximate cause of a vendee's damage if the bill of sale "was valueless for the reason that the title to the property described therein was in another."

In the instant case, the said Cornelius was a criminal and, at the time of trial, was confined in the penitentiary of Alabama. Le Roy Robertson was the person to whom the certificate of title was originally issued. The car was stolen from one Jesse E. Faulkner on October 25, 1952. These facts have little bearing on the issue before us. The liability sought to be established is as against the defendant, Stemmons, acting in his official capacity in making the false certificate and the defendant surety company, the surety "on his official bond." The important facts from that viewpoint are: that the assignment of title certificate was in the form of, and constituted, the only bill of sale executed; that the certificate of the notary public was required by the provisions of 47 O.S. 1951 § 23.6; that said certificate was false; that plaintiff relied upon its verity; that plaintiff suffered loss by reason thereof.

Under these circumstances, the reasoning and conclusions contained in the case of State ex rel. Matter v. Ogden, 187 Mo.App. 39, 172 S.W. 1172, 1174, fairly state sound and equitable rules of law applicable thereto. They are as follows:

"Relator, therefore, had a right to not only accept the truth of the facts stated in the certificate but also to rely on the assumption that Ogden had performed his official duty as notary with integrity. The law makes the notary's certificate evidence of the facts therein. * * *

"If a notary makes a false certificate, and an injury results therefrom to another, the notary and his sureties are liable. * * * Notaries are entrusted with high and important functions. Their certificates are made authentic evidence of titles by which we hold our lands, and by which they pass from one to another, and which endure from generation to generation. 'Their responsibility is as high as their trust, and a notary who officially certifies as true what he knows to be false

violates his duty, commits a crime, * * * binds himself, and binds his sureties.' "

The plaintiff here would not have traded for the car without proper assignment of the title certificate. To be proper·under the provisions of 47 O.S.1951 § 23.6 the certificate of the notary public was necessary. The defendant, Stemmons, acting in his official capacity, made that certificate falsely. Relying upon the certificate and the oral confirmation of its verity, the plaintiff parted with his property and suffered damage. Under this series of events, plaintiff's loss was the proximate result of defendant's wrongful official act and he and his bondsman were liable therefor. The verdict of the jury was amply supported by the evidence and was not contrary to law.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACK-BIRD, and JACKSON, JJ., concur.