[Civ. No. 36202. Second Dist., Div. Three. Oct. 27, 1970.]

JACK W. McDONALD et al., Cross-complainants and Appellants, v. GLEN E. PLUMB et al., Cross-defendants and Respondents.

COUNSEL

Fine & Pope and John A. Judge for Cross-complainants and Appellants.

Alfred D. Williams for Cross-defendants and Respondents.

OPINION

ALLPORT, J.—The record before us discloses without conflict that on February 4, 1960, one Elizabeth Esterline owned certain real property located in Los Angeles County. On June 22, 1960, unknown to her and without consideration, Stanley Scott Singley caused a deed of said property to be recorded, purporting to convey title to Frank N. Debbas. The grantor's signature was forged. The forged signature was falsely acknowledged by Glen E. Plumb, a notary public bonded as such by United States Fidelity and Guaranty Co. in the penal amount of $5,000. Subsequently the property was deeded, without consideration, by Debbas to Singley and thereafter by Singley to Jack W. and Patricia L. McDonald. The latter transaction was for consideration. Following a nonjury trial judgment was entered quieting title

of Esterline to said property against any claims of Singley and the McDonalds and granting judgment in favor of McDonalds and against Singley in the sum of $21,063.51, together with costs in the amount of $254.88. The McDonalds were denied relief against Plumb and United States Fidelity and Guaranty Co., his surety. The litigation was dismissed as to Debbas. The McDonalds have appealed from that portion of the judgment denying them recovery against Plumb and United States Fidelity and Guaranty Co.

It is contended on appeal that the trial court erred as a matter of law in finding that the false acknowledgment of the deed from Esterline to Debbas by Plumb was not the efficient or any other cause of the damage suffered by the McDonalds. We agree with this contention.

The specific finding involved was as follows: "That the false acknowledgment by cross-defendant, Glen E. Plumb, upon the purported deed from Elizabeth Esterline to Frank N. Debbas was not the efficient or any other cause of any damage suffered by cross-complainants or either of them."

Simply stated the trial court found that the false notarial acknowledgment on the forged Esterline deed to Debbas was not the efficient or any other cause of the damage suffered by McDonalds since it was not in fact relied upon in the course of the latters' purchase from Singley and that the McDonalds' damages were solely the proximate result of the fraudulent plans, schemes and acts of Singley against whom they were given judgment.

There appears to be no dispute as to the facts nor as to the sufficiency of evidence to support the judgment. The sole question to be answered is whether or not the trial court erred as a matter of law in finding and concluding that the false notarial acknowledgment was not a proximate cause of the McDonalds' damage. (See *Commonwealth etc.* v. *United States Fid. & Guar. Co.,* 364 Pa. 543 [73 A.2d 422, 424].)

In order for the McDonalds to prevail in this action they have the burden of establishing first, a duty on the part of defendant Plumb, second, a violation of that duty, third, that such violation was a proximate cause of injury to them, and, fourth, the nature and extent of their damage.

The basis for liability in a case of this type is set forth in *Burck* v. *Buchen,* 46 Cal.App.2d 741, at pages 746-747 [116 P.2d 958], as follows: "When taking an acknowledgment, 'the officer should require the acknowledging party to appear in person before him, as he is required to certify that such party "personally appeared." (§ 1189, Civil Code.) If an instrument is acknowledged in violation of this rule, as where it is acknowledged through a telephone, the officer would undoubtedly be liable in damages if it should turn out that it was acknowledged by an imposter.' (1 Cal.Jur. 247.) However, in order 'To render the officer liable for damages, it is, of course, neces-

sary that his act in taking an acknowledgment be the proximate cause of the damage sustained (*Joost* v. *Craig*, 131 Cal. 504 [63 Pac. 840, 82 Am.St. Rep. 374]; *Hatton* v. *Holmes*, 97 Cal. 208 [31 Pac. 1131]), and, where the right of action is founded on the negligence of the officer, *that the plaintiff be not guilty of contributory negligence*. (*Anderson* v. *Aronsohn*, 181 Cal. 294 [184 Pac. 12, 10 A.L.R. 866]; *Overacre* v. *Blake*, 82 Cal. 77 [22 Pac. 979]; *Oakland Bank of Savings* v. *Murfey*, 68 Cal. 455 [9 Pac. 843]; *Brown* v. *Rives*, 42 Cal.App. 482 [184 Pac. 32].)' "

In this case the duty was created by statute. (Civ. Code, § 1185.[1])

 Respondent concedes a violation of that duty. The violation creates a liability upon the notary's surety. (Gov. Code, § 8214.[2]) It is undisputed that the McDonalds sustained damage in the sum of $21,063.51.

Proximate cause is defined in California Jury Instructions—Civil (5th ed.) as: "A proximate cause of an injury is a cause which, in natural and continuous sequence, produces the injury, and without which the injury would not have occurred." (No. 3.75.) Defendant Plumb's wrongful act need not be the sole cause of the injury. (Nos. 3.77, 3.78.)

In *Inglewood Park Mausoleum Co.* v. *Ferguson*, 9 Cal.App.2d 217 [49 P.2d 305], an action against a notary and the surety on her bond for damages resulting from her certifying to an acknowledgment of a grantor's signature on a forged trust deed, the court said at page 219: "It is not essential to a recovery of damages that a defendant's wrongful act be the sole and only cause of the injury; it is sufficient if it be a proximate cause which in the natural course of events produced, either by itself or in conjunction with other causes, the damage. (See *Royal Indemnity Co.* v. *Midland etc. Corp.*, 42 Cal.App. 628 [183 Pac. 960]; *Carroll* v. *Central etc. Co.*, 74 Cal.App. 303 [240 Pac. 53].)" (See also *Burck* v. *Buchen, supra*, 46 Cal.App.2d 741, 747, and *Homan* v. *Wayer*, 9 Cal.App. 123, 127 [98 P. 80].) It seems fundamental to us that the requirement of notarial acknowledgment in real estate transactions such as this is calculated to prevent fraud. The failure of the notary in this case to fulfill his duty permitted Singley to defraud the McDonalds. This failure was a basic under-

---

[1]Civil Code, section 1185 reads as follows: "The acknowledgment of an instrument must not be taken, unless the officer taking it knows or has satisfactory evidence, on the oath or affirmation of a credible witness, that the person making such acknowledgment is the individual who is described in and who executed the instrument; or, if executed by a corporation, that the person making such acknowledgment is the president or secretary of such corporation, or other person who executed it on its behalf."

[2]Government Code, section 8214 reads as follows: "For the official misconduct or neglect of a notary public, he and the sureties on his official bond are liable to the persons injured thereby for all the damages sustained."

lying cause of the loss and, if not the sole proximate cause, at least a proximate cause thereof.

It is argued that other transactions involving this property subsequent to the making of the false acknowledgment broke the chain of causation. We do not agree. We fail to see wherein such can be deemed to have eliminated the false acknowledgment as being at least one of the proximate causes. In *Homan* v. *Wayer, supra,* 9 Cal.App. 123 at pp. 127-128, it was said:

"It is apparent, then, that the fact that others have aided in the transaction, and contributed to bringing about the conditions from which the plaintiff's loss arose, does not relieve defendants from liability for the loss of the plaintiff, if the latter relied upon the false certificate when paying out his money. In taking an acknowledgment to a deed a notary's official services are limited. He certifies to the identity of the grantor named in the instrument, but he has no control over the deed to which his certificate is attached. This must be delivered to the grantee by the grantor, or some one on his behalf, in order to become effective. No *official* act of the notary in certifying an acknowledgment to a deed can alone result in injury to anyone. The deed cannot become the means of defrauding anyone until used in some transaction entirely outside of the official duties of the notary. For this reason the statutory right of action is not dependent upon a showing that the acts of others have not contributed to the injury, or defeated by a showing that they have so contributed, if it appear that the party defrauded relied upon the notary's false certificate.

"The terms, 'proximate cause,' 'negligence,' and 'contributory negligence,' as used in appellants' presentation of the case, are somewhat misleading here. No official misconduct or neglect of a notary public in taking or certifying the acknowledgment of a deed could ever be the *sole* proximate cause of loss or injury to any person, but we cannot for that reason say no recovery can be had for a loss due to a false certificate of acknowledgment under the provisions of section 801 of the Political Code." (See also *White* v. *Rosenstein,* 8 Cal.App.2d 217, 225 [47 P.2d 358].)

Without citation of authority it is urged by Plumb that the issuance of a policy of title insurance at McDonalds' request indicated a lack of reliance upon the original notarial acknowledgment, thus breaking the chain of causation. This contention is answered to the contrary in *Inglewood Park Mausoleum Co.* v. *Ferguson, supra,* 9 Cal.App.2d 217. While it is true that McDonalds did not rely directly upon the false acknowledgment in the original deed, direct reliance is not required. On the contrary, indirect reliance is sufficient. In relying upon the record title as of the date of sale, the McDonalds were relying upon the chain of title creating such record title, one link of which was the validity of the deed from Esterline to Debbas. We conclude

that the trial court erred in finding and concluding that the false acknowledgment by Plumb was not a proximate cause of the injury to the McDonalds. We find to the contrary. (*Hemet Home Builders Assn.* v. *Wells,* 3 Cal. App.2d 65 [39 P.2d 233]; Code Civ. Proc., § 909.[3]) We have examined the cases of *Security Trust, etc. Bank* v. *Matson,* 116 Cal.App. 616 [2 P.2d 1001]; *Oakland Bank of Savings* v. *Murfey,* 68 Cal. 455 [9 P. 843]; *Jordan* v. *O'Connor,* 99 Cal.App.2d 632 [222 P.2d 322]; and *Burck* v. *Buchen, supra,* 46 Cal.App.2d 741, relied upon by respondents. None compel nor are they persuasive of a contrary conclusion.

That portion of the judgment appealed from is reversed with directions to the trial court to enter judgment on the cross-complaint in favor of Jack W. McDonald and Patricia L. McDonald and against defendant Glen E. Plumb in the sum of $21,063.51, together with costs, and against United States Fidelity and Guaranty Co., a corporation, in accordance with the terms and conditions of the bond.

Schweitzer, Acting P. J., and Cobey, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied December 23, 1970.

[3]Code of Civil Procedure, section 909 reads in part as follows: "In all cases where trial by jury is not a matter of right or where trial by jury has been waived, the reviewing court may make findings of fact contrary to or in addition to those made by the trial court."